UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------X
PAULA KIELY,                              :
      Plaintiff,                        :
      vs.                               :  No. 3:10cv01079(MRK)(WIG)
MICHAEL J. ASTRUE,                        :
Commissioner of Social
Security Administration,                  :
      Defendant.                        :
----------------------------------------------------X

RULING ON PLAINTIFF'S MOTION TO RECONSIDER [DOC. # 44]

On June 1, 2011, the Court entered a Ruling [Doc. # 43] denying Plaintiff's Motion to Substitute Exhibits [Doc. # 31]. Plaintiff now seeks reconsideration of that Ruling on the ground that the Court did not have the benefit of her Reply Brief, which was timely filed. The Court will grant Plaintiff's motion for reconsideration but, upon reconsideration and with the benefit of Plaintiff's reply brief, the Court adheres to its original ruling.

The documents Plaintiff seeks to substitute for Exhibits 13F and 28F in the record are not the same documents. This has nothing to do with the dates the documents were printed or the organization name. For example, the lists of Professional Supervisors on Site are different. Compare R. 842 with the page 2 of Pl.'s new Exh. 13F . Additionally, the medication lists are different. Compare R. 844 showing a list of "Active Client Medications" with page 6 pf Pl.'s new Exh. 13F, listing these medications in a different order under "Current Client Medications," and including different information. While these differences may not be substantively significant, they establish that the documents Plaintiffs seeks to substitute are not just better

1

copies of the documents in the record but are different records.

The Court would note that, while it is not allowing Plaintiff to substitute new exhibits for those in the record, the Court is not precluding Plaintiff from clarifying the illegible portions of the current exhibits in her memorandum in support of her motion.  Not infrequently, due to counsel's greater familiarity with a claimant's medical history, counsel is able to decipher medical records that the Court would otherwise find illegible.

Accordingly, Plaintiff's Motion to Reconsider [Doc. # 44] is GRANTED, but upon reconsideration the Court adheres to its prior Ruling [Doc. # 43] on the Motion to Substitute [Doc. # 31].

It is SO ORDERED, this __3rd__ day of June, 2011, at Bridgeport, Connecticut.


        /s/ *William I. Garfinkel*
    WILLIAM I. GARFINKEL,
    United States Magistrate Judge