UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
PAULA KIELY,                           :
        Plaintiff,                     :
        vs.                            :    No. 3:10cv01079(MRK)(WIG)
MICHAEL J. ASTRUE,                     :
Commissioner of Social
Security Administration,               :
        Defendant.                     :
------------------------------------------X
```

RULING ON PLAINTIFF'S SECOND MOTION TO CORRECT RECORD [DOC. # 28]

On January 5, 2011, Plaintiff filed a motion to correct the administrative record [Doc. # 16] to add eleven documents which Plaintiff maintained should have been included in the record. Defendant responded and filed a supplemental record [Doc. # 23]. The supplemental record, however, did not include four of the eleven records that Plaintiff maintained should have been included, namely a seven-page record of Dr. Syed's consultative exam dated March 26, 1996; a three-page report of Dr. Isaacs' consultative exam dated March 27, 1997; a two-page letter from Plaintiff's counsel to the Administrative Law Judge ("ALJ") dated December 12 [sic],[1] 2009; and the nine-page DSS Medical Review covering the period January 21, 2010, to February 3, 2010. Plaintiff has now filed a second motion to correct the record to include these four missing documents, to which Defendant has objected.

Defendant argues that there is no evidence that the consultative examinations were part of the record before the ALJ, and they are not related to the time period of Plaintiff's alleged

---

[1] Plaintiff later corrected this date to December 10, 2009.

1

disability which commenced on December 7, 2008. With respect to counsel's letter dated December 12 [sic], 2009, Defendant maintains that it was not part of Plaintiff's initial motion to supplement and, therefore, Defendant has not been able to ascertain whether it was before the ALJ at the time she issued her decision. As for the DSS Medical Review records, Defendant claims that this were not submitted until March 31, 2010, six days after the ALJ issued her March 25, 2010 decision, and under SSA regulations, the record is closed as of the date of the ALJ's decision. 20 C.F.R. § 405.430 (2009).[2]

Plaintiff responds that the reports of the two consultative exams were obtained from the Social Security Administration and were part of Plaintiff's file from a prior application for disability benefits. Relying on the Chenery doctrine,[3] Plaintiff further objects to the Court's consideration of the relevancy of these documents at this time, since Plaintiff is only seeking to

---

[2] Section 405.430 of Title 20 of the Code of Federal Regulations provides: "Subject to § 405.373(b) of this part, in claims reviewed by the Board, the record is closed as of the date of the administrative law judge's decision, and the Board will base its action on the same evidence that was before the administrative law judge. When it reviews a claim, the Board will consider only that evidence that was in the record before the administrative law judge."

[3] See SEC v. Chenery Corp., 318 U.S. 80, 88 (1943); SEC v. Chenery Corp., 332 U.S. 194, 196 (1947). The Chenery doctrine is

> a simple but fundamental rule of administrative law . . . that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action.

Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 169 (1962) (quoting Chenery, 332 U.S. at 196) (internal quotation marks omitted). Although the Court agrees with Plaintiff that the relevancy of these documents is not an issue that should be decided at this juncture, the Court fails to appreciate the applicability of the Chenery doctrine, as argued by Plaintiff.

2

complete the administrative record. As for the December 2009 letter to the ALJ, Plaintiff has produced evidence that it was received by the Hearing Office. As for the DSS records, Plaintiff asserts that they were considered and specifically discussed by the Decision Review Board ("DRB"). Plaintiff also points out the incongruity of Defendant's argument, as the Commissioner included in the administrative records other evidence submitted to the DRB after the date of the ALJ's decision (R. 1156-82).

Sentence three of 42 U.S.C. § 405(g) provides that the Commissioner "shall file a certified copy of the transcript of the record <u>including the evidence upon which the findings and decision complained of are based.</u>" (Emphasis added). Thus, the issue before the Court - and the only issue before the Court - is whether the record filed by the Commissioner contains all of the evidence upon with the findings and decision complained of are based. In this case, the decision of the DRB, which affirmed in part and reversed in part the decision of the ALJ, was the final decision of the Commissioner (R. 3) and, thus, the Court must determine if the record contains all of the evidence that was before the DRB.

The decision of the DRB states that the DRB entered into the record additional evidence and arguments "which are listed in the Supplemental List of Exhibits" attached to its decision (R. 7). Unfortunately, this Supplemental List of Exhibits is not attached to the DRB's decision. In the body of the decision, the DRB reiterated that it had considered new evidence submitted after the date of the ALJ's decision (R. 8) and listed a number of records that it considered. While the DSS records were not listed by the DRB, there is nothing in the decision to indicate that the records discussed were an all-inclusive list of the supplemental evidence considered. In fact, it appears from the Supplemental Court Transcript Index that there were a number of additional

records received by the DRB that are not mentioned in the decision. Thus, the fact that the DSS records were not specifically discussed in the decision does not mean they were not part of the record before the DRB.

There is a letter in the record from Plaintiff's counsel to the ALJ, dated March 31, 2010, stating that the DSS Medical Review Team records from 01/21/10 through 02/03/10 (9 pages) are attached (R. 1191). Plaintiff's counsel has stated unequivocally that these records were submitted to the ALJ prior to the date she received the ALJ's decision. The Court has no reason to doubt the accuracy of this statement, particularly in light of the DRB's express representation that it received additional evidence submitted after the date of the ALJ's decision and the fact that counsel's letter is part of the record. Accordingly, the Court concludes that Plaintiff has provided sufficient evidence that the DSS records were part of the administrative record before the DRB and will allow the administrative record to be supplemented with these DSS records.

As for the December 10, 2009 Letter to the ALJ, the Court will also allow the record to be supplemented with this letter. It is clear from the face of the letter that it was received by the Social Security Administration.

With respect to the two consultative exam reports from Plaintiff's prior disability application, the Court denies Plaintiff's request to include these in the record. There is no indication that they were part of the record considered by the ALJ. The mere fact that they were part of a prior application does not automatically render them part of this record, and Plaintiff cites no authority to the contrary. Although Plaintiff's counsel in a letter brief to the ALJ requested a reopening of any prior applications, his request was untimely as such a request must be made within twelve months of the notice of initial determination or within four years, if good

4

cause is shown for reopening the prior application. 20 C.F.R. § 404.988(a) & (b); see King v. Chater, 90 F.3d 323, 325 (8th Cir. 1996). According to correspondence from Plaintiff's counsel, her prior application was denied on October 9, 2001 (Ex. B to Pl.'s Reply Mem.), seven years prior to this application, which was filed on June 26, 2008. The mere fact that Plaintiff's counsel sought to review the prior file does not mean that it was part of the record before the ALJ. These were completely separate and distinct applications. While it would not have been error for the ALJ to consider evidence from the prior application, see Groves v. Apfel, 148 F.3d 809, 811 (7th Cir. 1998), there is simply no evidence that she did so or that these prior records were ever part of the evidence before the ALJ.

Accordingly, the Court grants in part and denies in part Plaintiff's Second Motion to Supplement the Record [Doc. # 28]. The Court will include as part of the administrative record the DSS records and Plaintiff's counsel's letter dated December 10, 2009. The Court will not allow the record to be supplemented with the 1996 and 1997 consultative examination reports.

SO ORDERED, this   3rd   day of June, 2011, at Bridgeport, Connecticut.

          /s/ *William I. Garfinkel*
      WILLIAM I. GARFINKEL
      United States Magistrate Judge