# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAULA KIELY | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     No. 3:10cv1079 (MRK) (WIG) |
| | : |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OF DECISION

On July 12, 2010, Plaintiff Paula Kiely filed a Complaint [doc. # 2] pursuant to the Social Security Act. *See* 42 U.S.C. § 405(g). She seeks review of a final decision by Defendant Michael J. Astrue, the Commissioner of the Social Security Administration ("Commissioner"), denying her application for Social Security Disability Insurance and Supplemental Security Income Benefits for the period from December 8, 2007 to March 24, 2010. Magistrate Judge William I. Garfinkel issued a Recommended Ruling [doc. # 48] on September 2, 2011 finding that Ms. Kiely was disabled during this period and favoring reversal and remand solely for the calculation of benefits for that period.

Pursuant to Rule 72(b)(3) of the *Federal Rules of Civil Procedure* and Local Rule 72.2(b), this Court reviews *de novo* those sections of the Recommended Ruling [doc. # 48] to which parties properly objected. There are two major sources of contention. First, the parties dispute whether Administrative Law Judge ("ALJ") Marlene W. Heiser improperly relied on the answer a Vocational Expert ("VE") gave to her original hypothetical question. If so, the parties disagree over whether remand solely for the calculation of benefits is appropriate.

Adopting the facts set forth in the Recommended Ruling [doc. # 48], the Court finds that because the ALJ's credibility determination was not based on substantial evidence, her reliance on the VE's answer to the original, incomplete hypothetical was legal error. Because the ALJ reached Step 5 of the sequential analysis—at which point the Commissioner bears the burden of proving the claimant is capable of working—and because the VE testified that there were no jobs existing in large numbers in the national economy for someone with Ms. Kiely's limitations, the Court reverses the ALJ's decision and remands solely for the calculation of benefits.

## I.

Whether or not the ALJ improperly relied on the VE's answer to her original question depends in large part on whether the ALJ's credibility determination was appropriate. For the reasons discussed below, the Court finds that the ALJ's conclusion on Ms. Kiely's credibility, at least with regard to her gastrointestinal symptoms, is not grounded in the evidence and is thus an improper conclusory statement. As a result, the ALJ should not have relied on the VE's answer to the original hypothetical. The Court adopts Magistrate Judge Garfinkel's reasoning with regard to the VE question, but also takes this opportunity to make additional observations.

In support of her conclusion on Ms. Kiely's credibility, the ALJ found that Ms. Kiely had diagnoses of diverticulosis and irritable bowel syndrome, but that "neither of [these] would cause disabling symptoms." Admin. R. at 20 (Op.). This seems to constitute a forbidden conclusory statement. *See* Social Security Regulation ("SSR") at 34485-86. ALJ Heiser also determined that there was no medical basis for the Crohn's disease diagnosis. *See* Admin. R. at 20 (Op.). However, it is not clear how this bears on Ms. Kiely's credibility, as Ms. Kiely certainly had reason to believe she had Crohn's disease after she was diagnosed with it. Furthermore, the mountain of doctor's reports recording Ms. Kiely's consistent complaints of gastrointestinal

problems evidence that Ms. Kiely was suffering from significant limitations due to some such disease. *See* Recommended Ruling [doc. # 48] at 5-11 (reviewing Ms. Kiely's relevant medical history from as far back as 1993 through 2010).

The ALJ noted—incorrectly—that Ms. Kiely had only been advised to limit her diet. *See* Admin. R. at 20 (Op.). In fact, as the Magistrate Judge observes, Ms. Kiely has been prescribed many medications for her symptoms. The ALJ also stated—without any apparent basis in the cited exhibits—that Ms. Kiely "does not seem to follow through with [her doctor's diet] recommendations." *See* Admin. R. at 21 (Op.). Multiple doctors have advised Ms. Kiely to follow a high-fiber, anti-reflux diet—but such repeated recommendations does not mean that Ms. Kiely has been failing to follow such a diet. Moreover, a one-time notation that Ms. Kiely "eats compulsively, snack food, potato chips, crackers, dip, etc," Admin. R. at 646, is not necessarily inconsistent with her maintaining a high-fiber, low-lactose diet, especially as Ms. Kiely had been cautioned to avoid vegetables. Ultimately, there is no evidence in the record that Ms. Kiely did not comply with her doctors' diet recommendations.

The ALJ's determination that "the claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment," Admin. R. at 20 (Op.), therefore appears to not be "grounded in the evidence,"[1] SSR 96-7p at 34485-86. Citing specific reasons for conclusions will not save such conclusions when the reasons are not firmly based in the record. *Cf. Stanton v. Astrue*, 370 Fed. App'x 231, 234 (2d Cir. 2010) (summary order)

---

[1] Contrary to the Commissioner's argument, this is not a case where a credibility determination is otherwise supported by substantial evidence, excusing an ALJ's misunderstanding of other facts. *See Gilson v. Apfel,* No. C 99-2234 CRB, 2000 WL 145814, at *5 (N.D. Cal. Feb. 2, 2000). Here, the ALJ cites no evidence supporting her conclusion regarding Ms. Kiely's credibility on this issue.

3

(declining to review an ALJ's credibility assessment when "the ALJ identified specific record-based reasons for his ruling"). For these reasons, and others given by the Magistrate Judge, *see* Recommended Ruling [doc. # 48] at 12-13, the Court finds that the ALJ's credibility determination with regard to Ms. Kiely's gastrointestinal complaints are without substantial evidence in the record.

Consequently, the ALJ's reliance on the VE's answer to the original hypothetical is inappropriate, as it did not include several effects of Ms. Kiely's impairments. When Ms. Kiely's counsel modified the original hypothetical by including independent limitations—that the claimant would need to take one sick day per month or that the claimant would need to use the bathroom five to eight times per day—the VE testified that such a claimant, in either case, would not be able to find a job existing in large numbers in the national economy. *See* Admin. R. at 63-64, 65 (Tr.). It was error for the ALJ to ignore Ms. Kiely's well-documented limitations when weighing the VE's testimony. *See McAninch v. Astrue*, No. 09-CV-0969 (MAT), 2011 WL 4744411, at *21 (W.D.N.Y. 2011) ("[T]he use of hypothetical questions to develop the VE's testimony is permitted, provided that the question incorporates the full extent of a plaintiff's physical and mental limitations."); *Cobb v. Astrue*, 613 F. Supp. 2d 253, 258-59 (D. Conn. 2009) (remanding because ALJ failed to expressly and directly consider claimant's urinary needs and VE's testimony as to the effect of such needs on claimant's ability to find a job). Because remand is warranted on this issue alone, there is no need to address Ms. Kiely's other claims.

## II.

Although the Court agrees with Magistrate Judge Garfinkel's recommended ruling that the case be remanded solely for the calculation of benefits, it elects to further clarify how it reached that decision. The two primary considerations are the fact that the ALJ reached Step 5 of

the sequential analysis and that a VE has already testified that there are no jobs existing in large numbers in the national economy for someone with Ms. Kiely's limitations.

At the ultimate step of the five-step inquiry, the claimant's "disability has been shown, and the burden . . . shifts to the Commissioner to prove . . . that the claimant is capable of working." *Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2004) (quotation marks and alteration omitted). In this case, as in *Butts v. Barnhart*, "the existence of appropriate work for the particular claimant in the national economy cannot be determined solely from the 'grids,' but must, if the claimant is to be denied benefits, be shown by the testimony of a vocational expert. The burden of producing such testimony rests on the Commissioner." *Id.* "When there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). However, when the Court has "no apparent basis to conclude that a more complete record might support the Commissioner's decision [denying benefits], we have opted simply to remand for a calculation of benefits." *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999).

Unlike *Butts v. Barnhart*, where the Second Circuit affirmed the district court's decision to remand for a calculation of benefits if the Commissioner did not produce VE testimony within 120 days, here we have VE testimony already in the record stating that there are no jobs existing in large numbers in the national economy for someone with Ms. Kiely's limitations. *See* Admin. R. at 63-64, 65 (Tr.). Furthermore, the Commissioner has not identified any remaining gaps in the record in his Objection to the Recommended Ruling [doc. # 49]; rather, he simply maintains that he "should be allowed to re-evaluate plaintiff's RFC upon remand and render a new decision regarding plaintiff's ability to work." *Id.* at 5. The Court disagrees: "Because there are no obvious

gaps in the administrative record requiring further development, the Court concludes that no purpose would be served by remanding this case for rehearing." *Cole-Lessard v. Astrue*, No. 3:07cv1741 (SRU) (WIG), 2009 WL 1588551, at *24 (D. Conn. Apr. 30, 2009).

### III.

For the above reasons, the Court ADOPTS Magistrate Judge William I. Garfinkel's Recommended Ruling [doc. # 48], GRANTS Ms. Kiely's Motion to Reverse the Decision of the Commissioner [doc. # 17], and DENIES the Commissioner's Motion for an Order Affirming the Decision of the Commissioner [doc. # 25]. **The Clerk of Court shall enter judgment in accordance with this Order and close the file.**

**IT IS SO ORDERED.**

/s/    Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **October 25, 2011.**